IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAIME ELOY PEREZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JOHN C. JARROTT, SWIFT | § | Case No: 3:15-cv-317 |
| TRANSPORTATION SERVICES, LLC, | § | |
| AND SWIFT TRANSPORTATION | § | |
| COMPANY OF ARIZONA, LLC. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Comes now, SWIFT TRANSPORTATION SERVICES, LLC and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC (hereinafter referred to as the "Swift-Defendants"), and hereby files this, their Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. In support thereof, Defendants respectfully show as follows:

### I. THE STATE COURT ACTION AT ISSUE.

1. On or about September 10, 2015, a civil action was commenced in the 394th Judicial District Court of Hudspeth County, Texas, by the filing of an original petition bearing the caption: *Jaime Eloy Perez v. John C. Jarrott, Swift Transportation Services, LLC, and Swift Transportation Company of Arizona, LLC*, Cause No.: CV-04485 (hereinafter referred to as the "State Court Action"). As of the date of the filing of this notice of removal, the following pleadings and/or documents are contained by the State Court Action: **1.** Plaintiff's Original Petition, **2.** Issuance of citation for John C. Jarrott, **3.** Issuance of Citation for Swift

Transportation Services, LLC, and **4.** Issuance of Citation for Swift Transportation Company of Arizona, LLC, and **5.** Civil Case Information Sheet. *See Attached Exhibit "A"—Certified Copies of State Court Action Pleadings.* Said attached exhibits constitute all known process, pleadings, and notices contained by the State Court Action.

2. The State Court Action is a personal injury suit involving an alleged vehicular accident that occurred in Hudspeth County, Texas, on or about September 16, 2013. *See* Plaintiff's Original Petition, attached as *Exhibit "A."*

3. The plaintiff in the State Court Action is Jaime Eloy Perez in his individual capacity (hereinafter referred to as "Plaintiff"). *Id.* Plaintiff is a resident of Hudspeth County, Texas and is a citizen of Texas. *Id.* At the time the State Court Action was commenced, Plaintiff was a resident of Hudspeth County, Texas, and a citizen of Texas. *See Exhibit "A"--* ¶ 2 of Plaintiff's Original Petition.

4. Defendant, John C. Jarrott (deceased) (hereinafter referred to as "Jarrott"), died on August 4, 2015. *See Exhibit B—John C. Jarrott's Death Certificate*. Before the time of Jarrott's death and at the time of his death, Jarrott was a citizen of New Mexico and a resident of Hidalgo County, New Mexico. Jarrott resided at 300 W. 5th Street, Lordsburg, New Mexico, 88045. Jarrott does not join in the instant Notice of Removal because as of the date of the filing of the instant Notice of Removal, Jarrott is deceased and has not been served in the State Court Action. Given that Jarrott is not a resident or citizen of the State of Texas, Jarrott is not a citizen of the forum state. Jarrott has not been served with process in the State Court Action and thus he is not required to join in the instant Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n.9 (5th Cir. 1988) *citing Pullman v. Jenkins,* 305 U.S. 534, 59 S. Ct. 347, 83 L. Ed. 334 (1939); *see also Jones v. Houston Indep.*

*School Dist.,* 979 F.2d 1004, 1007 (5th Cir. 1992). In the event that Jarrott's personal or legal representative of his estate is served at a later date, Jarrott would still be treated as a citizen of New Mexico under 28 U.S.C. Section 1332(c)(2) because the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" *See* 28 U.S.C. § 1332(c)(2).

5. Defendant, Swift Transportation Services, LLC, is not a citizen of Texas, and was not a citizen of Texas when the State Court Action commenced. Defendant Swift Transportation Services, LLC is a limited liability company formed in Delaware with its principle place of business at 2200 South 75th Avenue, Phoenix, Arizona 85043. As a limited liability company, the citizenship of Swift Transportation Services, LLC, is determined by the citizenship of its sole member, Defendant Swift Transportation Co. of Arizona, LLC.

6. Defendant, Swift Transportation Co. of Arizona, LLC (improperly named as Swift Transportation Company of Arizona, LLC), is also a Delaware limited liability company with its principle place of business at 2200 South 75th Avenue, Phoenix, Arizona 85043. Its citizenship is determined by the citizenship of its sole member, Swift Transportation Co., LLC, which is not a defendant in this suit. The sole member of Swift Transportation Co., LLC is Swift Transportation Company which is also not a defendant in this suit.

7. Swift Transportation Company is a Delaware corporation with its principle place of business at 2200 South 75th Avenue, Phoenix, Arizona 85043. Under 28 U.S.C. § 1332(c)(1), Swift Transportation Company is a citizen of both the State of Delaware and Arizona. Accordingly, the Swift-Defendants (Swift Transportation Services, LLC and Swift Transportation Co. of Arizona, LLC) are also citizens of Delaware and Arizona.

8. The Swift-Defendants were served with a copy of the citation and petition in the State

Court Action on October 13, 2015, via personal service. As such, this notice of removal is filed within thirty (30) days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

9. No hearings have been scheduled in the State Court Action. A jury trial was requested by the Plaintiff in the State Court Action.

10. The State Court Action is pending within this district and division, as is required for removal by 28 U.S.C. § 1441(a). *See Exhibit "A."*

11. This Notice of Removal is filed within thirty days of October 13, 2015, the date on which the Swift-Defendants were served with copies of the citation and petition, which is also the date on which the Swift-Defendants had notice of its removal grounds: diversity of citizenship jurisdiction.

## II. GROUNDS FOR REMOVAL – COMPLETE DIVERSITY OF CITIZENSHIP.

12. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Swift-Defendants are now, and were at the time the State Court Action was commenced, diverse in citizenship from the Plaintiff. The Swift-Defendants are not currently citizens or residents of the State of Texas, nor were they citizens or residents of the State of Texas at the time the State Court Action commenced.

13. Removal of the State Court Action is proper under 28 U.S.C. Section 1441, since it is a civil action brought in a state court. *See* 28 U.S.C. § 1441. The federal district courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. Section 1332 because the Swift-Defendants and Plaintiff are diverse in citizenship. *See* 28 U.S.C. § 1332.

## III. GROUNDS FOR REMOVAL – JURISDICTIONAL AMOUNT

14. Based on the express allegations contained by ¶10 (Pg. 3) of Plaintiff's Original Petition, Plaintiff seeks monetary relief over $1,000,000 (one million dollars) but less than

$2,000,000 (two million dollars). *See* Exhibit "A"-- ¶ 10 of Plaintiff's Original Petition. The Swift-Defendants are entitled to rely on Plaintiff's allegation regarding the monetary amount contained by his Original Petition to establish the jurisdictional requirement of 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(c)(2). Thus, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000 in accordance with 28 U.S.C. § 1332.

### IV. OTHER REMOVAL MATTERS

15. The Swift-Defendants reserve the right to amend or supplement this Notice of Removal.

16. Pursuant to 28 U.S.C. § 1446(d), the Swift-Defendants shall give Plaintiff written notice of the filing of this Notice of Removal, and shall file a written notice of this Notice of Removal with the Clerk of the District Court of Hudspeth County, Texas, 394th Judicial District, attaching a file-stamped copy of this Notice of Removal.

17. Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

                                  Respectfully submitted,

                                  RINCON LAW GROUP, P.C.
                                  1014 North Mesa Street, Suite 200
                                  El Paso, Texas 79902
                                  (915) 532-6800 (Telephone)
                                  (915) 532-6808 (Facsimile)

By:   /s/ *Sergio E. Chavez*
        CARLOS RINCON
        Texas State Bar No. 16932700
        E-mail: crincon@rinconlawgroup.com
        SERGIO E. CHAVEZ
        Texas State Bar No. 24031939
        E-mail: schavez@rinconlawgroup.com

        Attorneys for Swift Transportation Services, LLC
        and Swift Transportation Co. of Arizona, LLC

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing document was served via facsimile on Plaintiff through his counsel of record, as follows, on this 29th day of October of 2015.

Mr. Christopher Le
Law Offices of Leticia A. Gonzalez
4143 Gardendale Street
San Antonio, Texas 78229
Office: (210) 558-7416
Facsimile: (210) 558-7418
*Attorneys for Jaime E. Perez*

/s/  *Sergio E. Chavez*
SERGIO E. CHAVEZ